IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PAULETTE BAIDEN-ADAMS          )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:13cv272 (JCC/IDD)
                               )
FORSYTHE TRANSPORTATION,       )
INC.,                          )
                               )
     Defendant.                )


## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Forsythe

Transportation's ("Defendant" or "Forsythe Transportation")

Motion for Entry of Judgment and Attorneys' Fees and Costs

("Motion").  [Dkt. 25.]  For the following reasons, the Court

will deny Defendant's Motion.

### I.   Background

A.   Factual Background

This case concerns an alleged instance of sexual

harassment and retaliation in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2000).

Plaintiff alleged that she and other similarly situated women

were sexually harassed by managers employed by Forsythe

Transportation at the Arlington Rapid Transit ("ART") facility

at 2900 Jefferson Davis Highway, Arlington, Virginia.  (Compl. ¶

7.)  Plaintiff further alleged that she was terminated in response to her efforts to protect other female drivers from harassment.  (Compl. ¶ 9.)  Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge, however, alleged discrimination on the basis of "race," "sex" and "retaliation".  Specifically, Plaintiff alleged that she was fired and replaced by a male employee after inquiring about a pay raise.  (Mem. in Support of Def.'s Mot. to Dismiss, Ex. 1 [Dkt. 13-1].)

  B. <u>Procedural Background</u>

  On March 1, 2013, Plaintiff filed her Complaint against Defendant Forsythe Transportation.  [Dkt. 1.]  Defendant filed its answer on June 14, 2013.  [Dkt. 5.]  On July 25, 2013, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and accompanying memorandum of law.  [Dkts. 11-12.]  Plaintiff filed her opposition on August 8, 2013.  [Dkt. 17.]  On August 14, 2013, Plaintiff filed a Notice of New Ruling on Subject Matter Jurisdiction.  [Dkt. 18.]  On August 14, 2013, Defendant filed its reply.  [Dkt. 19.]

  On August 30, 2013, the Court held a hearing on Defendant's Motion to Dismiss and took the matter under advisement.  [Dkt. 22.]  On September 4, 2013, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's claim without prejudice for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1).  [Dkts. 23-24.]  On October 25, 2013,
Defendant filed its Motion for Attorney's Fees and for Entry of
Judgment and accompanying memorandum.  [Dkts. 25-26.]  Plaintiff
filed her opposition on November 1, 2013.  [Dkt. 31.]  Defendant
filed its reply on November 7, 2013.  [Dkt. 32.]

    Defendant's Motion is before the Court.

## II.  Standard of Review

    The Civil Rights Attorney's Fees Awards Act provides
that in federal civil rights actions, "the court, in its
discretion, may allow the prevailing party, other than the
United States, a reasonable attorney's fee as part of the costs
. . . ."  42 U.S.C. § 1988(b).  The Civil Rights Attorney's Fees
Awards Act specifically states that such fees are permitted in
"any action or proceeding to enforce provisions of . . . title
VI of the Civil Rights Act of 1964."  42 U.S.C. § 1988.  And,
Title VII of the Civil Rights Act states that the court may
allow the prevailing party a reasonable attorneys' fee as part
of the costs.  *See* 42 U.S.C. 2000e-5(k).  The Fourth Circuit has
noted, "[t]he standard for granting attorney's fees under 42
U.S.C. § 1988 is identical to that under Title VII."  *Martin v.
Cavalier Hotel Corp*., 48 F.3d 1343, 1359 n.10 (4th Cir. 1995)
(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983)).

    While a prevailing plaintiff in a Title VII action is
ordinarily entitled to attorney's fees, a prevailing defendant

in a Title VII case is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978).  In making such a determination, the district court must "carefully analyze[] plaintiffs' legal claim, the evidence adduced in support of that claim, and when plaintiffs should have realized that the claim was groundless." *Hunt v. Lee*, 166 F. App'x 669, 671 (4th Cir. 2006).

The Supreme Court has cautioned that in awarding fees against a plaintiff, a district court must be "particularly sensitive to the broad remedial purposes of Title VII and the danger that attorney's fee awards in favor of defendants can discourage 'all but the most airtight claims.'" *Arnold v. Burger King Corp.*, 719, F.2d 63, 66 (4th Cir. 1983) (quoting *Christiansburg*, 434 U.S. at 422).

### III. Analysis

  A.  <u>Prevailing Defendant</u>

A "prevailing party" is "one whose lawsuit has effected a 'material alteration of the legal relationship of the parties.'" *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Servs.*, 532 U.S. 598, 604-05 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).  Whether a defendant can be properly

4

considered a "prevailing party" for having obtained a dismissal for lack of subject matter jurisdiction remains open in the Fourth Circuit.  In *Wendt v. Leonard*, the United States Court of Appeals for the Fourth Circuit noted that "there appears to be a split among the circuits regarding whether courts can award attorney fees under 42 U.S.C.A. § 1988 after having dismissed the underlying action for lack of subject matter jurisdiction." 431 F.3d 410, 414 (4th Cir. 2005); *compare Elwood v. Drescher,* 456 F.3d 943, 948 (9th Cir. 2006) ("Where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party within the meaning of § 1988, and the district court accordingly lacks jurisdiction to award attorneys' fees."), *with Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) (finding that success on a "fundamental jurisdictional point" can make a litigant a prevailing party). Despite recognizing this circuit split, the Fourth Circuit has continued to withhold judgment on this question.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 186 n.5 (4th Cir. 2013).

Turning to the case at bar, the Court declines to offer opinion on the jurisdictional question because it finds that Plaintiff's claims were not frivolous or unreasonable such that Defendant is entitled to a fee award.  Because the Court

will not award fees in this matter, it will not conjecture on whether it might have the power to do so.

>    B.   Counts I and II

Counts I and II of Plaintiff's Complaint are claims of sexual harassment and retaliation against Forsythe Transportation.  Count I alleges that managers at Forsythe Transportation sexually harassed Plaintiff and other similarly situated women.  (Compl. ¶¶ 11-14.)  Count II alleges that Plaintiff was terminated in response to her efforts to educate other female employees about sexual harassment.  (Compl. ¶¶ 16-19.)

The Court dismissed Counts I and II for failure to exhaust administrative remedies.  The Court found that while Plaintiff had filed a charge with the EEOC, the allegations contained in her administrative charge were not reasonably related to the claims before this Court.  Claims that exceed the scope of the EEOC charge and "any charges that would naturally have arisen from an investigation thereof" are procedurally barred.  *Balas v. Huntington Ingalls Indus. Inc.,* 711 F.3d 401, 407 (4th Cir. 2013) (citations omitted).  The Court dismissed these claims for lack of subject matter jurisdiction because administrative exhaustion is a jurisdictional requirement in the Fourth Circuit.  *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009).

Defendant contends that Plaintiff's arguments on whether administrative exhaustion is a jurisdictional requirement and regarding the scope of an EEOC charge were evidently foreclosed by Fourth Circuit precedent and were therefore frivolous.  (Mem. at 11.)  The Court agrees that Plaintiff's arguments are unavailing under Fourth Circuit law. The Court finds, however, that Plaintiff's claims are not so lacking in a legal or factual basis to be deemed frivolous for purposes of awarding attorney's fees under 42 U.S.C. § 1988.

Courts have awarded attorney's fees to defendants in civil rights actions where plaintiffs' claims were clearly without factual basis or were contrary to existing precedent. Defendant points to *Introcaso v. Cunningham*, where the Fourth Circuit affirmed an award of attorney's fees where a plaintiff should have known that his claim under 42 U.S.C. § 1983 was without a factual basis.  857 F.2d 965, 966 (4th Cir. 1988). The *Introcaso* plaintiff alleged that he was terminated in response to his constitutionally protected criticism of the school superintendent's performance.  The court found these allegations to be frivolous, unreasonable, and without foundation because the facts that were developed through hearings in his disciplinary process in the school system indicated that he was terminated because of his alleged conversion of a school typewriter.  *Id.* at 967.

7

Claims that are clearly foreclosed by existing law may also be found frivolous.  In *Diedrich v. City of Newport News, Va.*, this Court found that a defendant was entitled to attorney's fees where the plaintiff's claims were clearly barred by existing Fourth Circuit precedent.  No. Civ.A.4:04CV9, 2004 WL 3436073, at *4 (E.D. Va. Nov. 29, 2004).  First, the *Diedrich* plaintiff failed to state a claim under 42 U.S.C. § 1983 because his continued employment without a change in rank or compensation did not implicate a property interest under the Due Process Clause.  Second, the *Diedrich* plaintiff's 42 U.S.C. § 1985 claim was frivolous because the plaintiff was not the type of individual who could bring a claim under that section.  Likewise, in *Jones v. Gilman Paper Co.*, the court found that a plaintiff's claim was frivolous where he knew that his complaint was not timely filed with the EEOC, but continued to litigate.  Civ. A. No. 283-6, 1984 WL 2571, at *1 (S.D. Ga. July 12, 1984).

Baiden-Adams's claims were not as patently meritless as the claims at issue in *Introcaso, Diedrich* or *Jones*.  The Court has made no factual findings related to Plaintiff's claims of sexual harassment and retaliation; the Court never reached the merits on these issues because these claims were not properly exhausted.  Therefore, the Court has no basis to conclude that Plaintiff's claims were lacking in factual foundation.

Legally, Plaintiff's claims ran contrary to Fourth Circuit precedent.  They were not, however, frivolous or unreasonable to the extent required to support a fee award to Defendant.  Unlike the cases cited by Defendant, such as *Diedrich* or *Jones*, Plaintiff's claim was not foreclosed by a bright-line rule of which Plaintiff was made aware.  Instead, the Court's inquiry into the scope of the EEOC charge required a multi-factored analysis.  Plaintiff did not prevail on her argument that her claims of sexual harassment and sex discrimination were administratively exhausted through her EEOC charge alleging "race," "sex" and "retaliation" in a separate factual context.  These claims were not, however, "absolutely groundless."  *Hunt*, 166 F. App'x at 671.

  C. <u>Count III</u>

Count III of Plaintiff's Complaint alleged wrongful discharge in violation of Virginia public policy.  (Compl. ¶ 22.)  The Court found this claim to be without merit and plainly foreclosed by existing law.  As Defendant notes, counsel for Forsythe Transportation communicated to Plaintiff that this claim was without merit in several letters and e-mails.  (Opp'n Ex. 1-2.)  In these letters, defense counsel stated that it might seek fees and costs pursuant to 28 U.S.C. § 1927 if Plaintiff did not agree to voluntarily dismiss this count.  (Opp'n Ex. 1-2.)

The motion before the court seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. Because Plaintiff's Title VII claims contained in Counts I and II were not frivolous, the Court will not award fees for Count III. A fee award for Count III would be dependent upon the Court awarding fees for the work performed in litigating Counts I and II because § 1988 does not support a fee award for a claim of wrongful discharge in violation of state public policy.

### IV. Motion for Entry of Judgment

Defendant has also moved for the Court to enter an order directing the Clerk of the Court to enter judgment closing the case. On September 4, 2013, the Court dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction pursuant to 12(b)(1). [Dkts. 23-24.] The Court cannot dismiss a claim with prejudice under 12(b)(1). *Patterson v. State Bureau of Investigation*, 92 F. App'x 38, 38-39 (4th Cir. 2004). The Court's September 4, 2013 dismissal without prejudice closed this case. Accordingly, this case stands closed and there is no further relief to be granted.

### V.   Conclusion

For these reasons, the Court will deny Defendant's Petition for attorney's fees and costs.  The Court will deny as moot Defendant's Motion for Entry of Judgment.

An appropriate Order will issue.


_____/s/_____
December 20, 2013                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE